## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**TERICA CROSSLEY**                                                    **PLAINTIFF**

**v.**                          **No. 4:18-cv-00461-JM-JTR**

**ARKANSAS FLAG AND BANNER; and**
**KERRY MCCOY**                                              **DEFENDANTS**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge James M. Moody, Jr. You may file written objections

to all or part of this Recommendation. If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of the entry of this

Recommendation. The failure to timely file objections may result in waiver of the

right to appeal questions of fact.

### I.  Introduction

On July 12, 2018, Plaintiff Terica Crossley filed her Complaint, alleging

violations of Title VII. *Doc. 2*. More specifically, Ms. Crossley alleges that, in

February 2016, while she was employed by Arkansas Flag & Banner, Inc., she was

sexually harassed by coworker, Sam Rutherford. *Doc. 2 at 4*. Ms. Crossley further

alleges that, after she reported the sexual harassment to Defendant Kerry McCoy,

Ms. Crossley suffered verbal abuse by Mr. Rutherford and, ultimately, retaliatory discharge from her employment with Arkansas Flag & Banner, Inc. *Doc. 2 at 4-5.*

On August 27, 2018, Defendants filed, and served on Ms. Crossley, a Rule 12(b)(6) Motion to Dismiss and supporting Brief, arguing that Plaintiff's Complaint should be dismissed as time-barred and, alternatively, that Kerry McCoy should be dismissed as a Defendant because she is not a proper party. *Docs. 11 and 12.* Ms. Crossley as not responded, and the time for doing so has now passed.[1] For the reasons discussed below, the Court recommends that the Motion to Dismiss be granted and this case be dismissed, with prejudice.

## II. Discussion

A suit filed under Title VII must be brought within ninety (90) days after the receipt of the right to sue issued by the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Williams v. Thomson*, Corp., 383 F.3d 789 (8th Cir. 2004); *Maeqdlin v. Int'l Ass'n of Mach. & Aerospace Workers, Dist. 949*, 309 F.3d 1051 (8th Cir. 2002). Because the statute

---

[1] On July 18, 2018, the Court notified Plaintiff Terica Crossley of her responsibility, as a *pro se* litigant, to comply with Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern District of Arkansas, which requires Ms. Crossley to monitor the progress of the case, *to prosecute or defend the action diligently*, and to be familiar with and follow the Federal Rules of Civil Procedure. *Doc. 5* (emphasis added). Diligent prosecution clearly includes responding in opposition to Defendants claim that her case should be thrown out.

Furthermore, Local Rule 7.2(b) requires that, within fourteen (14) days from the date of service of copies of such a motion, any party opposing the motion must serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities. Local Rule 7.2(b). Because Ms. Crossley was served by mail, three days are added. Fed. R. Civ. P. 6(d). Thus, Plaintiff's Response to Defendants' Motion to Dismiss was due no later than September 13, 2018.

of limitations is an affirmative defense that the defendant must plead and prove, under Fed. R. Civ. P. 8(c)(1), "untimeliness" generally will not provide a basis for a Rule 12(b)(6) dismissal. However, an action may be dismissed, as barred by the statute of limitations, where a plaintiff's own pleadings establish the defense. *McDaniel v. Kraft Glob. Foods*, 632 F. App'x 314, 315 (8th Cir. 2016) (concluding dismissal was proper where plaintiff's own pleadings showed that she brought her lawsuit more than ninety days after receiving a right-to-sue notice from the Equal Employment Opportunity Commission and tolling of the limitations period was not warranted); *see also Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017–18 (8th Cir. 2004) (dismissal proper because complaint ruled out tolling of statute of limitations)).

Taking the allegations in Crossley's Complaint as true, she states that she received her Notice of Right to Sue from the EEOC on June 29, 2016, and then waited *over two years* before filing her Complaint. Thus, as Defendants point out, the Complaint itself demonstrates on its face that Ms. Crossley filed this action well outside the applicable 90-day statute of limitations.

Although the 90-day limitations period is subject to equitable tolling in appropriate circumstances, courts have generally reserved the remedy of equitable tolling for situations in which the reasons for the delay were beyond the control of the plaintiff. *See Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989)

(finding that equitable tolling was not appropriate when the plaintiff did not inform the EEOC of her new address). *See also, Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands."), cert. denied, 498 U.S. 1026 (1991). Here, Ms. Crossley's Complaint does not allege any circumstances that might justify equitable tolling of the limitations period, and it is clear from the record that there are no such circumstances in this case.

Ms. Crossley originally filed a lawsuit in the Eastern District of Arkansas making these same claims against "Arkansas Flag and Banner" on September 26, 2016 – within the 90-day statute of limitations for filing suit from the EEOC Notice of Right to Sue. *Crossley v. Arkansas Flag and Banne*r, No. 4:16-cv-00685-BRW ("*Crossley I*").[2] After nine months passed with no activity in the case, the Court ordered Ms. Crossley to either: (1) file proof of service on the defendant: or (2) provide good cause why service had not been perfected. *Crossley I at doc. 8*. The Court further warned Ms. Crossley that if she did not do one or the other, her case would be dismissed for failure to prosecute. *Id*. Ms. Crossley did not respond.

---

[2] Kerry McCoy was not named as a defendant in *Crossley I*.

4

Accordingly, *Crossley I* was dismissed, without prejudice, on July 31, 2017. *Crossley I at doc. 9*.

In Ms. Crossley's Motion to Proceed *In Forma Pauperis* filed in this case, she acknowledges the prior dismissal but states that by the time she received the Order in *Crossley I* directing her to demonstrate service, or show cause for the lack thereof, she had only a "short time" and "did not have the money" to perfect service. *Doc. 1 at 3*. Although the Court in *Crossley I* gave her the opportunity to provide an explanation for her delay in failing to serve her Complaint she declined to do so and, instead, raised her "justification" in *this action*, well after the Court had dismissed *Crossley I*.

Ms. Crossley also states that, during the 11 months between her Complaint in *Crossley I* being dismissed and her initiating this action, she has been "studying and preparing . . . and [is] now ready to proceed and collect what Kerry owes me for all my pain and suffering." *Doc. 1 at 3*. However, a *pro se* litigant's "unfamiliarity with the law does not provide justification for tolling the statute of limitations period." *See Hill v. Dunklin Cnty. Health Dep't*, No. 1:10CV168 SNLJ, 2010 WL 5088252, at *1 (E.D. Mo. Dec. 8, 2010); *Luckett v. Herbster-Hellweg Painting*, No. 4:08CV00187, 2008 WL 2620894, at *2 (E.D. Mo. June 27, 2008).

Thus, all of the claims in Ms. Crossley's Complaint are now time-barred and there are no facts or circumstances that might provide her with a plausible basis for seeking to equitably toll the limitations period.[3]

### III.  Conclusion

Because Ms. Crossley's Complaint is time-barred and no facts have been asserted to support equitable tolling, this case should be dismissed, with prejudice.

IT IS THEREFORE RECOMMENDED that Defendants' unopposed Motion to Dismiss Crossley's Title VII claims, *Doc. 11*, be GRANTED, and the Complaint be dismissed, with prejudice.

DATED this 5th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Additionally, Ark. Code Ann. § 16-56-126, which gives a plaintiff one year to refile an action after a nonsuit, will not save Ms. Crossley's Complaint. The Arkansas saving statute does *not* apply to lawsuits brought under Title VII or lawsuits in which the plaintiff did not complete timely service on the defendant. *Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 900 (8th Cir. 2015) (citing *Forrest City Mach. Works, Inc. v. Lyons (Lyons II)*, 315 Ark.173, 866 S.W.2d 372, 373 (1993)). "Because Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable." *Id.* (citations omitted). Furthermore, the Eighth Circuit has held that, under Title VII, a dismissal without prejudice operates to leave a plaintiff as if no action had been filed. *Garrison v. International Paper Co.*, 714 F.2d 757, 759 n. 2 (8th Cir. 1983) (citing *Moore v. St. Louis Music Supply Co., Inc.*, 529 F.2d 1191, 1194 (8th Cir. 1976)). Thus, any dismissal of a Title VII case that occurs, as it did here, more than 90 days after the right to sue letter issued is, in substance, with prejudice.